IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRUNETTE LASHAY SANDERS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:21-cv-01270-N (BT) |
| | § | |
| DALLAS COUNTY JAIL, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a habeas action under 28 U.S.C. § 2254 filed by *pro se* Petitioner Andrunette Lashay Sanders. On June 4, 2021, the Court issued an Order and Notice of Deficiency (ECF No. 4) and mailed Sanders a copy. On June 15, 2021, the mail was returned to the Court as return to sender, not deliverable as addressed, and unable to forward. (ECF No. 5.) Sanders has failed to provide the Court with a new address. Therefore, this case should be dismissed without prejudice pursuant to Rule 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the

1

court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, this litigation cannot proceed because Sanders has failed to keep the Court apprised of her current address. Sanders filed this case on June 2, 2021, and on that day, the Court mailed her Instructions to a Prisoner *Pro Se* Plaintiff, which advised her: "You must notify the Court if your address changes, or your case may be dismissed." (ECF No. 2.) The Court also mailed Sanders an order advising her of various deficiencies in her pleadings and that she had not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*. (ECF No. 4.) Sanders was given until July 6, 2021 to cure the deficiencies, and to date, she has failed to address the identified deficiencies.  On June 4, 2021, the Court mailed Sanders the Order and Notice of Deficiency. (ECF No. 4.) But that mail was returned to the Court marked, "Return to Sender – Not Deliverable as Addressed – Unable to Forward." (ECF No. 5 at 1.) Sanders has failed to provide the Court with a current address, and the Court is unable to communicate with her regarding her case.

By failing to provide the Court with a current address, Sanders has failed to comply with a court order and failed to prosecute her lawsuit. Dismissal without prejudice is warranted under these circumstances. The Court should dismiss Sanders's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed June 16, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).